# EXHIBIT A

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.    CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

<u>Danielle De Angulo</u>
Plaintiff

Case # _____
Judge  _____

vs.
<u>RANSOM EVERGLADES SCHOOL INC</u>
Defendant

**II.    AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

- ☐ $8,000 or less
- ☐ $8,001 - $30,000
- ☐ $30,001- $50,000
- ☐ $50,001- $75,000
- ☐ $75,001 - $100,000
- ☒ over $100,000.00

**III.    TYPE OF CASE**   (If the case fits more than one type of case,  select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 2 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☒ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☒ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

- 2 -

- 3 -

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. Yes ☐ No ☒

**IV.   REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.   NUMBER OF CAUSES OF ACTION:** [ ]
(Specify)

  <u>2</u>

**VI.   IS THIS CASE A CLASS ACTION LAWSUIT?**
☐ yes
☒ no

**VII.   HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ no
☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.   IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒ yes
☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Rainier Regueiro</u>          Fla. Bar # <u>115578</u>
        Attorney or party                            (Bar # if attorney)

<u>Rainier Regueiro</u>                <u>01/15/2021</u>
(type or print name)           Date

Filing # 121245959 E-Filed 02/11/2021 02:18:52 PM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 2021-001178-CA-01

DANIELLE DE ANGULO,

    Plaintiff,

vs.

RANSOM EVERGLADES SCHOOL, INC

    Defendant.
_____/

## SUMMONS IN A CIVIL CASE

TO: RANSOM EVERGLADES SCHOOL, INC. through its Registered Agent

ELIZABETH JOHNSON
RANSOM EVERGLADES SCHOOL
3575 MAIN HIGHWAY
MIAMI, FL 33133

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

1475 FCR

3/2/21

1150Ar

RAINIER REGUEIRO, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET
SUITE 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

CLERK

310009

BY DEPUTY CLERK

DATE  2/16/2021

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO.:

DANIELLE DE ANGULO,

　　Plaintiff,

vs.

RANSOM EVERGLADES SCHOOL, INC

　　Defendant.
_____/

## COMPLAINT

**COMES NOW** Plaintiff, DANIELLE DE ANGULO ("Plaintiff"), by and through the undersigned counsel, and hereby sues Defendant, RANSOM EVERGLADES SCHOOL, INC ("Defendant"), and alleges as follows:

1. This action seeks damages in excess of $30,000.00

2. This is an action for declaratory and injunctive relief and damages pursuant to the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, *et seq.* ("FCRA"); and 42 U.S.C. § 2000e-2 ("Title VII"), to redress injuries resulting from Defendant's unlawful race, national-origin, and retaliation-based discriminatory treatment of Plaintiff.

3. At all times material hereto, Plaintiff was a resident of Miami, Florida.

4. Defendant is a Florida Not for Profit Corporation authorized to conduct business in the State of Florida,

5. Venue is proper because all of the actions that form the basis of this Complaint occurred within this district.

6. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

7. Plaintiff worked for Defendant initially as a swim instructor from on or about 2002.

8. Plaintiff was then made a full time faculty member on or about 2008.

9. Ms. De Angulo then went on to work part time in 2017.

10. Plaintiff's husband was hired as the Head Swim Coach on or about August 1999 and about a month later was promoted to Assistant Athletic Director.

11. Plaintiff's husband was then promoted to Interim Athletic Director in 2016.

12. After becoming the Interim, plaintiff's husband was the only Hispanic individual on the school leadership team.

13. While in that position, he was subjected to unlawful discrimination due to his Hispanic national origin.

14. In or about August 2018, plaintiff's husband filed a charge of discrimination with the EEOC and began actively pursuing relief for the discrimination he was experiencing.

15. In or about January, 2019, plaintiff's employer began retaliating against her due to the charge that her husband had filed against the defendant.

16. Pursuant to school protocol for reporting such harassment, plaintiff hand delivered her grievance letter to Andrew Ansin who was the Chairman of the Board of Trustees for Ransom.

17. The following day, HR contacted plaintiff to offer her another position on campus.

18. The position that plaintiff was offered was a staff position which paid 30% less than what she was already making as a faculty member.

19. Due to this demotion and the disparate treatment she was undergoing, plaintiff was left with no other choice but to seek employment elsewhere as she could no longer make ends meet.

20. Plaintiff strongly believes that the reason behind the treatment she was receiving was in discrimination of her association to her husband.

21. Plaintiff was a qualified employee whose employer records would demonstrate that she was a model employee.

## COUNT I
### *Retaliation in Violation of the FCRA*

22. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-21 of this complaint as if set out in full herein.

23. Plaintiff is a member of a protected class under the FCRA.

24. By the conduct describe above, Defendants retaliated against Plaintiff for exercising rights protected under the FCRA.

25. Defendants' conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendants and its supervisory personnel were aware that discrimination on the basis of disability was unlawful but acted in reckless disregard of the law.

26. As a result of Defendants' actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

27. The conduct of Defendants, by and through the conduct of its agents, employees, and/or representatives, and Defendants' failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

28. The actions of the Defendants and/or its agents were willful, wanton, and intentional, and

with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory damages pursuant to federal law, to punish the Defendants for its actions and to deter it, and others, from such action in the future.

29. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendants' retaliatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendants:

   a. Adjudge and decree that Defendants have violated the FCRA, and have done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

   b. Enter a judgment requiring that Defendants pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

   c. Enter an award against Defendants and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

   d. Require Defendants to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendants, or in lieu of reinstatement, award front pay;

   e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

   f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### *Retaliation in Violation of Title VII*

30. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-21

31. of this complaint as if set out in full herein.

32. Plaintiff is a member of a protected class under the Title VII.

33. By the conduct describe above, Defendants retaliated against Plaintiff for exercising rights protected under Title VII.

34. Defendants' conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendants and its supervisory personnel were aware that discrimination on the basis of race and national origin was unlawful but acted in reckless disregard of the law.

35. As a result of Defendants' actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

36. The conduct of Defendants, by and through the conduct of its agents, employees, and/or representatives, and Defendants' failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

37. The actions of the Defendants and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendants for its actions and to deter it, and others, from such action in the future.

38. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendants' retaliatory practices unless and until this Honorable Court grants relief.

WHEREFORE, Plaintiffs respectfully prays for the following relief against Defendants:

   a. Adjudge and decree that Defendants have violated the Title VII, and done so willfully,

  intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendants pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendants and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendants to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendants, or in lieu of reinstatement, award front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: _____1/15/2021_____          Respectfully submitted,

/s/ Rainier Regueiro
Rainier Regueiro, Esq.
Florida Bar Number: 115578
rregueiro@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
**COURTHOUSE TOWER**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (561) 225-1970
Facsimile: (305) 416-5005

Filing # 121245959 E-Filed 02/11/2021 02:18:52 PM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 2021-001178-CA-01

**DANIELLE DE ANGULO,**

    **Plaintiff,**

vs.

**RANSOM EVERGLADES SCHOOL, INC**

    **Defendant.**

_____/

**SUMMONS IN A CIVIL CASE**

TO: RANSOM EVERGLADES SCHOOL, INC. through its Registered Agent

ELIZABETH JOHNSON
RANSOM EVERGLADES SCHOOL
3575 MAIN HIGHWAY
MIAMI, FL 33133

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

RAINIER REGUEIRO, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET
SUITE 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____

CLERK

                                                  DATE

_____

(BY) DEPUTY CLERK
CLERK

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 2021-001178-CA-01

**DANIELLE DE ANGULO,**

    Plaintiff,

vs.

**RANSOM EVERGLADES SCHOOL, INC**

    Defendant.

_____/

## SUMMONS IN A CIVIL CASE

**TO:** RANSOM EVERGLADES SCHOOL, INC. through its Registered Agent

ELIZABETH JOHNSON
RANSOM EVERGLADES SCHOOL
3575 MAIN HIGHWAY
MIAMI, FL 33133

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

RAINIER REGUEIRO, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET
SUITE 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

CLERK

310009

BY DEPUTY CLERK

DATE    2/16/2021

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO: 2021-001178-CA-01

DANIELLE DE ANGULO,

    Plaintiff,

vs.

RANSOM EVERGLADES SCHOOL, INC.,

    Defendant.

_____/

## DEFENDANT'S UNOPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT

Defendant, RANSOM EVERGLADES SCHOOL, INC. ("Defendant"), respectfully moves the Court for an extension of time to file its response to Plaintiff's Complaint. Good cause exists for the granting of this motion, as set forth herein.

1. On March 2, 2021, Defendant was served with Plaintiff's Complaint.

2. Defendant's response to the Complaint is due March 22, 2021.

3. The parties have agreed to participate in mediation; therefore, undersigned counsel requires a brief extension of time to prepare Defendant's response, in light of the agreement to mediate.

4. Accordingly, Defendant respectfully requests a brief extension of time through and including April 23, 2021, within which to file its response to Plaintiff's Complaint.

5. Undersigned counsel has conferred with Plaintiff's counsel, Rainier Regueiro, Esq., and he has no objection to the extension.

6. This motion is filed in good faith, not for the purpose of delay, and will not prejudice any of the parties.

7. A proposed order is attached as Exhibit A.

**WHEREFORE**, Defendant, Ransom Everglades School, Inc., respectfully requests an extension of time, through and including April 23, 2021, within which to file its response to Plaintiff's Complaint, together with such other and further relief as the Court deems just.

Dated: March 17, 2021
Miami, Florida

Respectfully submitted,

By: *s/Ingrid H. Ponce*
INGRID H. PONCE, ESQ.
Florida Bar No.: 166774
E-mail: iponce@stearnsweaver.com
PAUL CRUCET, ESQ.
Florida Bar No.: 122169
E-mail: pcrucet@stearnsweaver.com
STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.
Museum Tower, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Telephone: (305) 789-3200
Facsimile: (305) 789-3395

*Attorneys for Defendant RANSOM EVERGLADES SCHOOL, INC*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 17th day of March, 2021, a true and correct copy of the foregoing was electronically filed with the Clerk of Court and served electronic mail via the E-Portal System to: Rainier Regueiro, Esquire, (rregueiro@rgpattorneys.com), Remer & Georges-Pierre, PLLC, 44 West Flagler Street, Suite 2200, Miami, Florida 33130.

*/s/ Ingrid H. Ponce*
INGRID H. PONCE

#9314695 v1

2

# EXHIBIT A

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO: 2021-001178-CA-01

DANIELLE DE ANGULO,

    Plaintiff,

vs.

RANSOM EVERGLADES SCHOOL, INC.,

    Defendant.

_____/

## ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT

THIS CAUSE having come before the Court on Defendant, RANSOM EVERGLADES SCHOOL, INC.'s ("Defendant"), Unopposed Motion for Extension of Time to File Response to Plaintiff's Complaint. The Court being otherwise fully advised, hereby orders and adjudges as follows:

Defendant, RANSOM EVERGLADES SCHOOL, INC., shall file its response to Plaintiff's Complaint on or before April 23, 2021.

DONE AND ORDERED this _____ day of _____, 2021, in Miami-Dade County, Florida.

                                                  _____
                                                  CIRCUIT COURT JUDGE

Copies furnished to parties

#9314733 v1

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO: 2021-001178-CA-01
SECTION: CA09
JUDGE: Pedro P Echarte Jr.

**Danielle De Angulo**

Plaintiff(s)

vs.

**RANSOM EVERGLADES SCHOOL INC**

Defendant(s)

_____/

## ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT

THIS CAUSE having come before the Court on Defendant, RANSOM EVERGLADES SCHOOL, INC.'s ("Defendant"), Unopposed Motion for Extension of Time to File Response to Plaintiff's Complaint. The Court being otherwise fully advised, hereby orders and adjudges as follows:

Defendant, RANSOM EVERGLADES SCHOOL, INC., shall file its response to Plaintiff's Complaint on or before April 23, 2021. THIS TIME PERIOD MAY NOT BE EXTENDED.

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this <u>18th day of March, 2021</u>.

2021-001178-CA-01 03-18-2021 10:20 AM
Hon. Pedro P Echarte Jr.

**CIRCUIT COURT JUDGE**
Electronically Signed

---

No Further Judicial Action Required on **THIS MOTION**

CLERK TO **RECLOSE** CASE IF POST JUDGMENT

---

**Electronically Served:**

Ingrid H. Ponce, iponce@stearnsweaver.com
Ingrid H. Ponce, lojeda@stearnsweaver.com
Paul Crucet, Esquire, pcrucet@stearnsweaver.com
Paul Crucet, Esquire, amorell@stearnsweaver.com
Rainier Regueiro, rregueiro@rgpattorneys.com
Rainier Regueiro, aziani@rgpattorneys.com
Rainier Regueiro, gcellini@rgpattorneys.com

**Physically Served:**